JAMES JOSEPH CORCORAN, AN INFANT, BY MARY CORCORAN, HIS GUARDIAN AD LITEM, PLAINTIFF, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY, DEFENDANT.

*Contributory negligence — when a question for the jury*

MOTION for a new trial, on exceptions ordered to be heard in the first instance at the General Term, after a verdict in favor of the plaintiff.

This action was brought to recover damages for personal injuries sustained by the plaintiff under the following circumstances :   The plaintiff, a lad of about fourteen years, went to the station, upon defendant's road, at Fifty-ninth street, to take passage down town.   At the request of a brakeman, in defendant's employment, then present, the plaintiff took a pail and went northwardly along the track towards a hydrant, about a block distant. The track is elevated about fourteen feet above the street, and planks were placed along the west side of the rail.   An engine,

with steam up, ready to proceed down the railroad, stood upon the track near Sixtieth street. . The sides of the engine projected over the plank-walk, covering it all but a width of about twelve inches. The plaintiff went along the planks until he came to the engine, and then attempted to cross the track towards the hydrant where he was to procure water. The engine was started, and the plaintiff received serious injury. The engineer, in charge of the engine, saw the plaintiff coming towards the engine when he was about 100 feet away, but saw no more of him until after the injury. The plank, beside the track, was not intended for the use of any pedestrians not employed in the business of the railroad.

The court, at General Term, said : "I think there was sufficient evidence of negligence, on the part of the defendant, to send the case to the jury. The engineer, in charge of the engine which struck the plaintiff, saw the plaintiff approaching upon the plank-walk with a pail, and knew he was going to the hydrant; he also knew he would have to cross the track in front of the engine in order to get to the hydrant. It was negligence to start the engine without looking to see that the plaintiff had got out of the way, and without giving him any warning. The fact that the plaintiff went to the place where he was struck by the engine is not, in itself, proof of negligence on his part. He went at the request of the brakeman, and with the knowledge of the conductor, and for a purpose connected with the business of the road, viz. : to procure drinking water for use at the station. If the brakeman, by the conductor's direction, had gone where plaintiff did, it would not be claimed that the brakeman was a trespasser. The plaintiff went in the place of the brakeman, at his request, and with the knowledge and consent of the conductor. It was necessary for the plaintiff to cross the track where he did in order to get to the hydrant. When he started to cross, the engine was stationary, and it does not appear that any signal, or other indication was given that it was about to start.

I am of opinion that the question as to whether the plaintiff was guilty of contributory negligence was properly submitted to the jury, and that their verdict is sustained by the proof."

*A. W. Parker*, for the plaintiff. *Dudley Field*, for the defendant.

Opinion by BARNARD, P. J., DYKMAN, J., concurred ; PRATT, J., not sitting.

Exceptions overruled, and judgment for plaintiff upon the verdict, with costs.